IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**U.S. DISTRICT COURT
SOU. DIST. ALA.
FILED IN CLERK'S OFFICE**

**JUL 2 0 2005**

**CHARLES R. DIARD, JR.
CLERK**

| | | |
|---|---|---|
| SHERREE SALTER, ET AL., | ) | |
| | ) | |
| | ) | |
| EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION, | ) | **Civil Action Number:** |
| | ) | **1:03-CV-00863-WS-B c/w** |
| Plaintiffs, | ) | **1:04-CV-00494-WS-B.** |
| | ) | |
| vs. | ) | **CONSENT DECREE** |
| | ) | |
| | ) | |
| THE SHOE SHOW OF | ) | |
| ROCKY MOUNT, INC., | ) | |
| | ) | |
| | ) | |
| ANDRE JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## I. GENERAL PROV1SIONS

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII) guarantees protected workers that they will be free from employment discrimination on the basis of race, color, religion, sex, or national origin. In this case the Equal Employment Opportunity Commission ("EEOC") has filed suit in Civil Action 1:04-CV-00494-WS-B seeking relief for Angela M. Lett, Brittany Salter, TaHarra Lett and a class of women (including, without limitation, Casey Thames, Dawn Brooks and Rasla McCreary). Angela M. Lett, Brittany Salter and TaHarra Lett had previously filed charges of discrimination alleging that The Shoe Show of Rocky Mount, Inc., through the actions of one its supervisors, Store Manager Andre Jones, discriminated against them in violation of Title VII by subjecting them to unwelcome and offensive sexual actions, comments and unwelcome and inappropriate touching of their private body

parts.  In addition it was alleged that The Shoe Show of Rocky Mount, Inc., Defendant Employer, through the actions of one its supervisors, Store Manager Andre Jones, reduced the work hours and thus the earnings of Brittany Salter in retaliation for her opposition to an employment practice which she believed to violate Title VII of the Civil Rights Act of 1964.  In addition it was alleged that The Shoe Show of Rocky Mount, Inc., since at least March 26, 2003, has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C. § 2000e-10(a) and (b), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.  The Shoe Show of Rocky Mount, Inc., expressly denies all claims and allegations asserted in the Complaint.  The EEOC's lawsuit has been consolidated with Civil Action 1:03-CV-00863-WS-B which is a lawsuit  filed against The Shoe Show of Rocky Mount, Inc., by certain individuals complaining of the same or similar conduct as that alleged in the EEOC's lawsuit.  The Shoe Show of Rocky Mount, Inc., expressly denies all claims and allegations asserted in the Complaint in that lawsuit.

The EEOC and The Shoe Show of Rocky Mount, Inc., being aware of the risks, uncertainties and costs of continued litigation, are now desirous of resolving, through this Consent Decree, the claims asserted in the above styled lawsuit Civil Action 1:04-CV-00494-WS-B.

This Court being fully advised of the premises of this case doth hereby Order, Adjudge and Decree as follows:

2

## II. SPECIFIC PROVISIONS

A.     This Court has full jurisdiction to decide this controversy as to the EEOC and The Shoe Show of Rocky Mount, Inc.  This Court expressly retains jurisdiction for the next 12 months for the purpose of ensuring compliance with this Decree and entry of such further orders as may be necessary to effectuate the purposes of this Decree. This Decree will remain in effect for twelve months and will expire without further action by the parties or the Court twelve months after entry.  It is expressly agreed by the parties that the Court shall retain jurisdiction to enforce this Consent Decree. Kokkonen v. Guardian Life Insurance Co. of America, 511 U. S. 375 (1994).

B.     Nothing herein shall be deemed to be an admission by The Shoe Show of Rocky Mount, Inc., that it has at any time, place or in any manner whatsoever, violated either Title VII or any other statute, rule of law or legally binding regulation concerning Angela M. Lett, Brittany Salter, TaHarra Lett, Casey Thames, Dawn Brooks and Rasla McCreary or any other person who has been employed by The Shoe Show of Rocky Mount, Inc.

C.     This Decree, being entered with the consent of the EEOC and The Shoe Show of Rocky Mount, Inc., shall not constitute an adjudication or finding on the merits of the case, nor shall it be used as evidence of a violation of Title VII or other law in any subsequent action by EEOC against The Shoe Show of Rocky Mount, Inc., except no party shall be prohibited by this provision from proceeding against any other for noncompliance with any provision of this Decree.

D.     This Decree shall fully and finally resolve, with prejudice, all claims raised in the Complaint in Civil Action 1:04-CV-00494-WS-B including without limitation the

3

matters alleged in the Charges of Discrimination numbered 130-2003-00964, 130-2003-01075, 130-2003-03145 and 130-2004-01107 filed by Angela M. Lett, Brittany Salter, TaHarra Lett and Casey Thames with the EEOC.

E.    The Shoe Show of Rocky Mount, Inc., has agreed to pay an agreed upon monetary amount in settlement of the individual claims which are the subject of the lawsuit in Civil Action 1:04-CV-00494-WS-B and the lawsuit with which this lawsuit has been consolidated, Civil Action 1:03-CV-00863-WS-B, inclusive of all attorney's fees and costs.   Those payments will be made in connection with a separate settlement agreement to be executed by the individual claimants and the lawsuit Civil Action 1:03-CV-00863-WS-B will be resolved in a separate proceeding.   The monetary amount is being paid as a result of proceedings and actions taken in Civil Action 1:03-CV-00863-WS-B and Civil Action 1:04-CV-00494-WS-B.

F.    The Shoe Show of Rocky Mount, Inc., agrees that it will not retaliate against any of its former or present employees because such persons have filed Charges of Discrimination, testified, assisted, benefited, or participated in any manner in the investigations, proceedings or hearings in this lawsuit.

G.    The Shoe Show of Rocky Mount, Inc., agrees to comply with all requirements of Title VII of the Civil Rights Act of 1964, as amended, and immediately post the notice, attached as Exhibit "A", where it will be visible to all employees at its Monroeville, Alabama store.   This notice shall remain posted during the term of this Consent Decree.

H.     Within sixty (60) days of the entry of this Decree, The Shoe Show of Rocky Mount, Inc., will provide training for the employees at its Monroeville, Alabama, store as follows:

The Shoe Show of Rocky Mount, Inc., shall provide at least two hours of classroom or other effective interactive training and education regarding harassment, including sexual harassment to all supervisory employees who are employed as of the date of entry of this Consent Decree and to all new supervisory employees within six months of their assumption of a supervisory position.

The Shoe Show of Rocky Mount Inc., shall provide at least two hours of classroom or other effective interactive training and education regarding harassment, including sexual harassment to all non-supervisory employees who are employed as of the date of entry of this Consent Decree and to all new non-supervisory employees within six months of their employment.

The training and education required by this Consent Decree shall include information and practical guidance regarding the federal statutory provisions concerning the prohibition against and the prevention and correction of harassment, including sexual harassment and the remedies available to victims of harassment, including sexual harassment in employment.

The training and education for supervisory employees shall also include practical examples aimed at instructing supervisors in the prevention of harassment, discrimination, and retaliation, and shall be presented by trainers or educators with knowledge and expertise in the prevention of harassment, discrimination, and retaliation.

The training and education for non-supervisory employees shall also include practical examples aimed at instructing non-supervisors in the recognition and reporting of harassment, discrimination, and retaliation, and shall be presented by trainers or educators with knowledge and expertise in the prevention of workplace harassment, including sexual harassment, and other forms of unlawful discrimination, and retaliation.

The training and education required by this Consent Decree is intended to establish a minimum threshold and should not discourage the Defendant from providing for longer, more frequent, or more elaborate training and education regarding workplace harassment or other forms of unlawful discrimination in order to meet its obligations to take all reasonable steps necessary to prevent and correct workplace harassment, including sexual harassment and all other forms of unlawful discrimination. Nothing in this Consent Decree is intended to prevent training of both supervisory and non-supervisory employees together in appropriate circumstances.

The Shoe Show of Rocky Mount agrees to employ Lehr Middlebrooks Price & Vreeland, P.C. to fulfill its training obligations under this Consent Decree.

I.      Within ninety (90) days of the entry of this Consent Decree, The Shoe Show of Rocky Mount, Inc., will provide the Birmingham District Office of the Equal Employment Opportunity Commission with proof of the action taken to inform and train its personnel as outlined in paragraphs H above. The report will include copies of materials used in the training discussed above, which reflect the substance of the training, and will be mailed to J. Mark Graham, Senior Trial Attorney, EEOC, 1130 22nd Street, South, Suite 2000 Birmingham, AL 35205.

J.     The Shoe Show of Rocky Mount, Inc., has in place an anti-discrimination policy and complaint procedure.  A copy of that policy and procedure will be posted in the same locations as the notices referred to in paragraph G above.

K.     The Shoe Show of Rocky Mount, Inc., will, pursuant to Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a), post and keep posted at its Monroeville, Alabama, store notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

L.     Each party shall bear its own attorney's fees and costs.  The EEOC is not seeking attorney's fees or costs against The Shoe Show of Rocky Mount, Inc., and The Shoe Show of Rocky Mount, Inc., will not seek attorney fees or costs against the EEOC.

ORDERED and ADJUDGED this 20TH day of JULY , 2005.

_____
UNITED STATES DISTRICT JUDGE

7

EXHIBIT "A"
**NOTICE TO EMPLOYEES**

---

The Shoe Show of Rocky Mount Inc.

This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. The Shoe Show of Rocky Mount Inc.</u>, settling a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC") against The Shoe Show of Rocky Mount Inc. (hereinafter "Shoe Show").

In its suit, the EEOC alleged that Shoe Show discriminated against a number of female employees by, among other things, subjecting them to unwelcome and offensive sexual actions, comments and unwelcome and inappropriate touching of their private body parts through the actions of one its supervisors, Store Manager Andre Jones, in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §§2000e-2, 5(f)(1) and (3); as amended by the Civil Rights Act of 1991, ("CRA"), 42 U.S.C. §1981A. Shoe Show denies these allegations.

To resolve the case, Shoe Show and the EEOC have entered into a Consent Decree which requires, among other things, that:

(1) Shoe Show will not discriminate on the basis of sex, among other bases; and

(2) Shoe Show will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, sex, color, religion, national origin, disability, and age. If you believe you have been discriminated against, you may contact the EEOC at (205) 731-0082 or view its web page at www.eeoc.gov.  The EEOC charges no fees and has employees who speak languages other than English.

---
Date

---
On Behalf of the Shoe Show of
Rocky Mount, Inc.

136689

8